PEOPLE v. HADESMAN.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—SUFFICIENCY OF EVIDENCE.

Evidence presented to examining magistrate *held*, sufficient to bind defendant over for trial on charge of breaking and entering a motor vehicle to commit larceny and damaging the vehicle in doing so (Act No. 328, § 356a, Pub. Acts 1931, as added by Act No. 194, Pub. Acts 1937, and amended by Act No. 254, Pub. Acts 1939).

2. SAME—AUTOMOBILES—BREAKING, ENTERING AND DAMAGING.

Under statute making it a felony to break and enter a motor vehicle to commit larceny and damaging the car in doing so, proof that the car was not defendant's was sufficient as to matter of ownership (Act No. 328, § 356a, Pub. Acts 1931, as added by Act No. 194, Pub. Acts 1937, and amended by Act No. 254, Pub. Acts 1939).

3. SAME—AUTOMOBILES—BREAKING, ENTERING AND DAMAGING—EVIDENCE.

In prosecution for breaking and entering a motor vehicle to commit larceny and damaging car in doing so, evidence was sufficient to enable jury to find defendant guilty beyond a reasonable doubt (Act No. 328, § 356a, Pub. Acts 1931, as added by Act No. 194, Pub. Acts 1937, and amended by Act No. 254, Pub. Acts 1939).

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 14, 1943. (Docket No. 95, Calendar No. 41,971.) Decided February 23, 1943. Certiorari denied by Supreme Court of the United States May 24, 1943.

Harold Hadesman, alias Harold Goldstein, was convicted of breaking and entering a motor vehicle for purpose of stealing chattels and damaging the motor vehicle in doing so. Affirmed.

*David Anderson* and *David Anderson, Jr.,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Sheldon Rupert,* Prosecuting Attorney, for the people.

WIEST, J.  Act No. 328, § 356a, Pub. Acts 1931, as added by Act No. 194, Pub. Acts 1937, and amended by Act No. 254, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 17115–356a, Stat. Ann. 1942 Cum. Supp. § 28.588 [1]), makes it a felony to "break or enter into any motor vehicle for the purpose of stealing or unlawfully removing therefrom any goods, chattels or property regardless of the value thereof if in so doing such person breaks, tears, cuts or otherwise damages any part of such motor vehicle."  Under an information charging such offense defendant was found guilty by a jury and he prosecutes review.

At the preliminary examination defendant claimed the evidence was insufficient to hold him for trial.  We find sufficient evidence justifying the examining magistrate in binding him over for trial in the circuit court.  The information alleged the motor vehicle in question was a 1939, four-door Plymouth sedan, owned by Frank Steinberg.  Mr. Steinberg lived in Illinois and was endorsed on the information as a witness for the prosecution, but declined to attend the trial and, over objection, the court held it was not necessary for the prosecution to establish the ownership of the automobile. Under the mentioned statute it was not necessary for the prosecution to establish the ownership of the automobile but sufficient if it was the property of some one other than the defendant, and this fact was clearly established.  There was sufficient competent evidence from which the jury could find defendant guilty beyond a reasonable doubt.  The ver-

dict was not against the great weight of the evidence; defendant's motions to dismiss, to quash the information and for a directed verdict were properly denied, as well as his motion in arrest of judgment and for a new trial.

The Steinberg automobile was parked at the bathing beach at South Haven and the evidence established the fact that defendant went to the automobile and with some instrument forced one of the ventilator windows open. In doing so he broke the glass and then reached in and lowered the window, entered his head and shoulders and felt around with his hands. Defendant gave notice of alibi, claiming he was bathing at the beach and had come there from Chicago in another automobile, accompanied by friends.

The conviction is affirmed.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.