O’CONNELL, Justice.
Carroll Bennett Robinson filed his petition for habeas corpus contending that he is illegally detained under a sentence in excess of that authorized by law. We issued the writ, respondent filed a return, and petitioner has filed a traverse to the return.
We have been furnished with a copy of the information and a copy of the judgment and sentence entered by the trial' court. We also have before us a copy of excerpts of the minutes of the trial court reflecting the proceedings had in this cause-in the trial court.
Although the style of the information reads “Breaking and Entering with Intent to Commit a Misdemeanor” the body-thereof charged petitioner with breaking- and entering a described automobile of a named person “* * * with intent them *311 and there to commit a misdemeanor within said automobile, to-wit: to steal, take and carry away goods, property and chattels of another of the value of less than One Hundred and No/100 ($100.00) Dollars.”
So worded the information correctly charged a violation of Sec. 810.051, F.S.A., for which the maximum punishment is ten (10) years.
The copy of the minutes of the trial court, as they pertain to this charge against the petitioner, all bear the caption and style:
"Case No. 1161 State of Florida Vs. Carroll Bennett Robinson
r Breaking And Entering j With Intent To Com[mit A Misdemeanor.”
That portion of the minutes relating to the arraignment of the petitioner, after stating the caption and style in the exact words above set forth, reads:
“was called; the Defendant having been previously arraigned and entered a plea of Not Guilty to the above crime, withdrew his plea of Not Guilty and entered a plea of Guilty and requested a presentence investigation.”
That portion of the minutes relating to the judgment and sentence of the court recites that the “ * * * Court adjudged Defendant to be guilty of the crime of Breaking and Entering with Intent to Commit a Misdemeanor * * * ” and sentenced the petitioner to serve a period “ * * * from six (6) months to ten (10) years * * * ” in the Department of Corrections of the State Prison.
The judgment and sentence of the court, which is styled and captioned with the same words as the minute entries, begins:
“You, Carroll Bennett Robinson, having been arraigned and entered a plea of Guilty to the crime of Breaking and Entering with Intent to Commit a Misdemeanor, you are' adjudged by the Court to be guilty of said crime.”
Sec. 810.05, F.S.A. is entitled “Breaking and entering with intent to commit a misdemeanor.” It prescribes a maximum sentence of five years for breaking and entering or entering without breaking any dwelling or storehouse or any building, ship, vessel or railroad car with intent to commit a misdemeanor.
Petitioner argues that he should have been sentenced to no more than five years, apparently being of the view that he was sentenced under Sec. 810.05, F.S.A.
If the only defect in this matter was an excessive sentence, as contended by petitioner, the error could be easily corrected by remanding the petitioner for entry of a proper sentence as we have done in many cases.
It is clear, however, that here the petitioner was charged with one crime denounced by one statute, yet the court minutes reflect that he was arraigned on and plead guilty to a different charge denounced by another section of the statutes. This statement assumes but does not decide that a charge of “Breaking and Entering” without stating with particularity the structure or thing broken and/or entered would be sufficient.
This error cannot be corrected by resen-tencing. It is necessary that the petitioner be remanded to the trial court for arraignment on the charge stated in the information, such arraignment to be followed by proper proceedings.
In his traverse to the return petitioner contends that Sec. 810.051, F.S.A. is unreasonable and unconstitutional for the reason that the punishment for breaking and entering an automobile to commit any crime, as laid down in Sec. 810.051, is greater than the punishment for stealing an automobile as prescribed by Sec. 811.20, F.S.A
*312 While the difference in the sentences prescribed for the offenses compared by petitioner may seem inconsistent with the comparative gravity of the respective crimes, such inconsistency does not render either of the statutes unconstitutional. Such apparent inconsistency in punishment for comparative crimes is merely evidence of the need for complete revision of our criminal statutes.
For the reasons above expressed the judgment and sentence under which respondent detains the petitioner is declared to be void and petitioner is entitled to he discharged from custody under that judgment and sentence. However, respondent shall retain custody of the petitioner in order that he may, on order of the trial court, be held to answer the charge of the information pursuant to which he was originally incarcerated.
It is so ordered.
ROBERTS, C. J., and THOMAS, DREW and THORNAL, JJ., concur.