STATE OF CONNECTICUT *v.* ROBERT JONES

STATE OF CONNECTICUT *v.* CLARENCE SCARLETT

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued January 5—decided March 1, 1966

*William F. Mangan, Jr.,* special public defender, with whom was *Alan A. Green,* for the appellants (defendants).

*George D. Stoughton,* assistant state's attorney, with whom, on the brief, were *John D. LaBelle,*

state's attorney, *Edward J. Daly, Jr.*, and *Brandon J. Hickey*, assistant state's attorneys, for the appellee (state).

SHANNON, J. The defendants, in accordance with General Statutes §§ 54-42 and 54-46, were charged in informations in two counts, the first count for breaking and entering with criminal intent a motor vehicle in the possession of James Vaccarelli used as a place for the custody of property; General Statutes § 53-76; and the second count for possessing burglars' tools in the night. General Statutes § 53-71. They pleaded not guilty and were tried to a jury, which found them guilty on both counts, after which they pleaded guilty to being second offenders. During the trial the first count of the information was amended as hereinafter discussed. The defendants have appealed to this court, and all parties have stipulated that the separate cases may be combined in accordance with § 606 of the Practice Book, and the trial court so ordered.

The trial in the Superior Court commenced on November 4, 1964. After the afternoon recess, the state's attorney notified the court that he would make a motion for permission to correct the name of the owner in possession of the car in the informations from James Vaccarelli to Nicholas Vaccarelli to conform to the evidence. Prior to this time, Nicholas Vaccarelli had testified that he was the owner of the car involved and was in possession of it on May 24, 1964. He had been cross-examined by defense counsel. The next day the state's attorney offered the amended informations, which alleged that the car broken into was in the possession of Nicholas Vaccarelli at the time. The defense counsel objected and claimed that if the amendments were

allowed, they should have the opportunity to cross-examine the man they now knew to have been in possession of the car at the time of the alleged crime. The state offered no objection to this and stated that Nicholas Vaccarelli was then present in court. The court properly allowed the amended informations to be filed. Practice Book § 525. Nicholas Vaccarelli was not recalled as a witness, nor was any request thereafter made that the defendants be permitted to further cross-examine him. The defendants have assigned as error the fact that the state's attorney was not required to place him on the stand for purposes of cross-examination by the defense. The obvious answer is that no one asked to have it done. "[W]herever the opponent has declined to avail himself of the offered opportunity, it must be supposed to have been because he believed that the testimony could not or need not be disputed at all or be shaken by cross-examination. In having the opportunity and still declining, he has had all the benefit that could be expected from cross-examination of that witness." 5 Wigmore, Evidence (3d Ed.) § 1371. This claim of error is without merit.

The defendants also assign as error the court's failure to grant their request for a finding of facts as a basis for a review of the question whether the jury could properly have found the defendants guilty on all the evidence. After the jury's verdicts, the defendants' present attorney, who at that time was their private counsel, but who was later appointed by the court as a special public defender to represent them, filed, in each case, on November 6, 1964, separate motions to set aside the verdict on that ground. The motions were denied on November 25, 1964, in open court when they were not pur-

sued or argued and were, in fact, expressly abandoned. From the brief of the defendants wherein they complain of the lack of a finding of facts, they state that the question of law which they desired to raise is: "Was the conclusion of the jury in error in concluding upon all the evidence that the defendants were guilty of the crime charged beyond a reasonable doubt?" To review that claim a finding was not necessary and should not have been requested since it could be tested by the evidence only. *State* v. *Mariano,* 152 Conn. 85, 100, 203 A.2d 305, cert. denied, 380 U.S. 943, 85 S. Ct. 1025, 13 L. Ed. 2d 962; *State* v. *Amendola,* 152 Conn. 166, 168, 204 A.2d 836; *State* v. *Salvaggio,* 152 Conn. 716, 717, 210 A.2d 175; *State* v. *Davis,* 153 Conn. 228, 229, 215 A.2d 414 (a court case). The court was correct in not making a finding. As the state's brief points out, however, § 718 of the Practice Book provides that where the appellants make this claim and set out insufficient evidence to sustain the verdict, or none at all, as was the case here, it is the duty of the state to print the evidence in its appendix upon which it relies to support the jury's verdicts. Here the state has done this. There is ample evidence to support the jury's verdicts, and the defendants' counsel conceded this in oral argument before this court.

The jury could have found the following facts: On May 24, 1964, at about 2:10 a.m., Nicholas Vaccarelli parked his car on Maple Street in New Britain. At that time his car was in excellent condition. When he next saw it, the trunk and the right front door were damaged, the right vent window was broken, the glove compartment was open, and the seats were pulled out. A witness, Olivier Dufault, who lived across the street from where

the car was parked, was awakened by a noise early in the morning of May 24, 1964. He called his son, John, and, looking out of the window, they observed three men trying to open the trunk of the car. The tallest of the men was named Alexander Gonski. Olivier heard a motorcycle and saw the three men run away. After two or three minutes he saw two of the men return to the car and shortly after, the third man return. A police officer arrived, and the three men ran away again, two of them across Pearl Street, which intersects Maple Street, and the other across a parking lot. The tallest man threw a steel bar or pipe into the parking lot. There was no one else on the street at the time. Between the time when John first looked out the window and when he saw the third man return, he called the police. Two of the men walked into the parking lot and across Pearl Street, which adjoins the lot, and continued onto Maple Street. As they turned a corner, a police car came and John lost sight of the men. The police apprehended three men who were walking along Maple Street away from the car. A police officer saw the defendant Robert Jones drop a flashlight over a fence which paralleled the sidewalk. Another police officer saw the defendant Clarence Scarlett with his right arm extended over the fence and later found, on the other side of it, a pair of gloves and a tire iron.

The final assignment of error is that the defendants claim that they were deprived of their constitutional rights to equal protection and due process of law as provided by the fourteenth amendment to the United States constitution and by article first, § 9, of the Connecticut constitution (now article first, § 8, of the 1965 Connecticut constitution) because they were presented in the Superior Court

on informations signed by the state's attorney and were not indicted by a grand jury. The Connecticut constitution requires a grand jury indictment only where the punishment may be death or life imprisonment. *McBrien* v. *Warden,* 153 Conn. 320, 324, 216 A.2d 432; *Kennedy* v. *Walker,* 135 Conn. 262, 270, 63 A.2d 589, aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715, rehearing denied, 337 U.S. 934, 69 S. Ct. 1493, 93 L. Ed. 1740; *State* v. *Palko,* 122 Conn. 529, 541, 191 A. 320, aff'd, 302 U.S. 319, 58 S. Ct. 149, 82 L. Ed. 288; *State* v. *Hayes,* 127 Conn. 543, 581, 18 A.2d 895.

"Ever since *Hurtado* v. *California,* . . . [110 U.S. 516, 4 S. Ct. 111, 28 L. Ed. 232, the United States Supreme Court] has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions." *Beck* v. *Washington,* 369 U.S. 541, 545, 82 S. Ct. 955, 8 L. Ed. 2d 98. The *Beck* case authoritatively disposed of the defendants' claims adversely to them.

There is no error in either case.

In this opinion the other judges concurred.