BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Conviction and judgment for burglary of a motor vehicle with intent to steal. The trial court imposed a sentence of three years in the penitentiary.
It appears that the alleged burglary occurred at night in the vicinity of a nightspot where the owner of the Chevrolet pickup truck, alleged to have been burglarized, was employed.
It appears that a woman alerted the owner that someone was inside his motor truck. He went immediately to the truck and found defendant on the inside in a cramped position and his tape deck, installed under the dash, partially disengaged from its anchorage and many of the appending screws loosened and out. There was ample evidence that defendant was inside the truck in a crouched position with the vehicle doors closed. The owner testified that when he left the truck, the door on the driver’s side was locked and the other door was closed, but not locked.
It also appears that the glove compartment was opened; that there was a screw driver and other tools in the compartment. Defendant did not take the stand, but offered the testimony of some witnesses that he was drunk and entered the motor vehicle as a result of this intoxication. There was ample evidence that he was sober, able to walk and talk, when he was apprehended in the truck. What the defendant was doing in the truck and his intent while there was an issue for the jury.
I
Appellant contends that the court erred in allowing a lay witness for the State to testify about his opinion concerning various items of evidence and the manner in which this appellant supposedly did or did not do certain acts in his alleged efforts to remove an F. M. tape player installed in the pickup truck.
(a) We quote:
“BY MR. BELL: (continuing)
“Q. All right. Mike, could you show the jury, if you can, exactly how Mr. Mullins was laying that night. Can you demonstrate it? If this were the passenger’s side of the automobile and the car or truck was facing in this direction?
“A. Okay. If the headlights were facing here, to my left would be the driver’s side. I came around to this side and here is the driver’s door here. When I opened the door his legs came out, extended from the truck. He was laying like this with one hand up under here and his head bent all the way down about six or eight inches off the seat like he was looking up under my dash.
“MR. DRINKARD: We object to this. That is a conclusion of the witness: as if he was looking or what he was doing. We move to exclude it.
“THE COURT: He has already answered the question.”
There was no objection to the question until after the witness had answered and none was particularized except that part as to where defendant was looking. We think the witness was merely illustrating the position of defendant’s head and eyes. The answer was an awkward response to the question. The failure of the court to exclude was not error.
(b) The next contention of error is the court’s ruling in the following colloquy:
*477 “Q. Would you state whether or not this tape player had been unscrewed, or was it pried?
“A. I really—
“MR. DRINKARD: We object. That calls for an opinion or conclusion.
“THE COURT: Overrule the objection. You can answer.
“A. My opinion is, a little of both. It looked like it was bodily twisted with his hands, and then it was pried.
“MR. DRINKARD: We renew our objection and move to exclude it, Your Honor, as an opinion.
“THE COURT: Overruled.”
It is to be noted that the tape deck was affixed to the dash and that this witness had already been asked without objection and answered:
“Q. Did you also notice the condition of your dashboard?
“A. Yes, sir. It was scratched and dented as if it had been pried.
“Q. Can you describe these dents a little bit?
“A. From my observation, all I could tell, it looked like he had stuck a metal object in there and pressed up.”
It is to be observed from the above that the witness had already testified about the prying, to which there was no objection. Besides, the answers as to the prying were just a shorthand way of describing the condition of the dash and the tape deck. This ruling was not error.
(c) On direct, the District Attorney asked the truck owner:
“Q. Tell me once again exactly how the tape player was hanging in your car?
“MR. DRINKARD: Objection.
“THE COURT: Overruled.”
The question called for a description of how the tape player was hanging. This was a permissible question pertaining to the res gestae of the truck. There was no error in the court’s ruling.
II
We have read the entire record and conclude that the evidence amply presented a
jury question as to the intent and purpose of the defendant’s presence in the truck which, according to the unimpeached evidence, did not belong to defendant. He was an intruder. It is to be noted that defendant did not offer any evidence that tended to discredit the owner’s testimony and the arresting officers as to what happened. He himself did not testify.
Ill
At the conclusion of the court’s oral charge, both the State and the defendant expressed satisfaction with the oral charge. There were no objections or exceptions and no written charges were tendered. The defendant cannot be heard here to complain that the court’s charge did not cover an asserted misdemeanor embraced in the indictment. We pretermit considering such inclusion vel non. Edwards v. State, 51 Ala.App. 433, 286 So.2d 308, cert. denied 291 Ala. 777, 286 So.2d 313.
We conclude that defendant got a fair and impartial trial before a jury of his peers and that he must abide by the verdict and the judgment of the court. There was no motion for a new trial.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.