STATE OF NORTH CAROLINA v. COY KIRKPATRICK, ANTHONY JONES, AND RANDY O. LEE

No. 7715SC356

(Filed 16 November 1977)

1. **Burglary and Unlawful Breakings § 1.1— breaking or entering automobile — intent to commit felonious or misdemeanor larceny**

    G.S. 14-56 makes it a felony to break or enter a motor vehicle containing any goods, wares, freight or other things of value with intent to commit larceny therein, whether the larceny be felonious or misdemeanor larceny.

2. **Burglary and Unlawful Breakings § 5.7— breaking or entering automobile — larceny — sufficiency of evidence**

    The State's evidence was sufficient for the jury on issues of the guilt of two defendants of felonious breaking or entering of an automobile and larceny therefrom where it would permit the jury to find: one defendant entered a garage for about 30 seconds, undertook to remove a C.B. radio from an automobile therein, left his fingerprint on the dashboard, returned to the automobile in which defendants were traveling and drove it while the second defendant and another went to the garage and successfully removed the C.B. radio; the second defendant left the garage with the C.B. radio, ran when a police officer commanded him to stop, placed the radio beside a tree as he ran, and continued running until cornered in a parking lot.

3. **Criminal Law § 92.5— denial of motion for severance**

    The trial court did not err in the denial of defendant's motion to sever his trial from that of two codefendants on charges of breaking or entering an

State v. Kirkpatrick

automobile and larceny of property therefrom where each defendant was charged with participation in the same offenses at the same time and place.

APPEAL by defendants from *Smith (David I.), Judge.* Judgments entered 17 December 1976 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 26 September 1977.

Each defendant was tried upon a bill of indictment charging felonious breaking or entering a motor vehicle with intent to commit larceny, and with misdemeanor larceny therefrom. The cases were consolidated for trial over the objection of defendant Anthony Jones. Each defendant was found guilty as charged.

The State's evidence tends to show the following: About 1:00 a.m., on 27 July 1976, Mr. Mays was awakened by a car stopping in front of his house on Anthony Street in Burlington. Mays looked out his window and observed a light colored old model Rambler automobile. Two black males exited the Rambler and walked up Anthony Street towards Mr. Cassidy's house and garage. A third black male was driving the Rambler. The two entered Mr. Cassidy's garage and stayed about thirty seconds. They then walked back towards the Rambler, reentered the car, and drove slowly down Anthony Street until the Rambler was out of Mays' view. Shortly thereafter, two black males, one wearing a light colored T-shirt and the other wearing dark clothing walked back up the street towards Cassidy's garage. Mrs. Mays then called the police. The two black males went into Cassidy's garage. Police Officer Gregory was in the area and responded to the call from Mrs. Mays. As the police car turned onto Anthony Street, Officer Gregory observed the Rambler parked about 300 feet from Cassidy's residence. Its lights were on and its motor was running. As the police drove up behind the Rambler, defendant Jones stepped out from the driver's side and raised the hood. As the officer was questioning Jones, Mr. Mays saw the two black males emerge from Cassidy's garage where they had been for about four minutes. The one in the dark clothing appeared to be carrying something. Officer Gregory saw the two as they ran around the corner from Cassidy's house and towards the Rambler. Defendant Lee, wearing a light colored T-shirt, stopped about 10 feet from the Rambler when commanded by the officer. Defendant Kirkpatrick, dressed in dark clothing, who was known and

recognized by the officer, fled on foot. Officer Gregory radioed for assistance stating that Coy Kirkpatrick was fleeing on foot and Officer Felts, who was at the scene by this time, gave chase on foot. Defendant Kirkpatrick ran across Mays' yard and into an adjoining vacant lot. Officer Hall responded to the call and observed Officer Felts pursuing defendant Kirkpatrick on foot. As Kirkpatrick ran across a parking lot Officer Hall drove his police car to a point where he could block Kirkpatrick. Kirkpatrick, wearing a dark nylon type leisure suit, was taken into custody in the parking lot.

A C.B. radio, two red socks, a brown sock and a knife were found lying at the base of an oak tree in the vacant lot about forty feet from Mays' driveway in the direction taken by defendant Kirkpatrick as he ran across Mays' yard. The C.B. radio came from Cassidy's car which was in Cassidy's garage which had been entered by the two black males. Defendant Lee was wearing one brown sock at the time of his arrest. The brown sock found under the tree matched the one worn by defendant Lee. A fingerprint taken from the dashboard of Cassidy's automobile matched the fingerprint of defendant Jones. Each of the defendants is a Negro male.

Only the defendant Jones offered evidence. He testified in substance as follows: On the night in question he, Kirkpatrick, and Lee were riding around in Kirkpatrick's Rambler, with Lee driving. As they turned onto Anthony Street the car overheated and stalled. Lee and Kirkpatrick went to get water for the radiator. While they were gone he was able to crank the car and was starting to back up when the officer stopped him. He explained the situation to him and while they were talking, Lee and Kirkpatrick returned. He knew nothing of the C.B. radio and does not know how his fingerprint could have gotten on the dashboard of Cassidy's automobile.

From judgments of imprisonment each defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Daniel H. Monroe for Anthony Jones.*

*Hemric & Hemric, by H. Clay Hemric and H. Clay Hemric, Jr. for Coy Kirkpatrick and Randy O. Lee.*

BROCK, Chief Judge.

[1]   Each defendant argues that it was error to submit the case
to the jury under a felonious breaking or entering charge founded
upon G.S. 14-56. Defendants argue that in order for a breaking or
entering to constitute a felonious breaking or entering under G.S.
14-56, it must be alleged and proved that the larceny was of goods
of a value of more than $200.00. In other words defendants argue
that the grade of the breaking or entering under G.S. 14-56
depends upon the grade of the larceny alleged and proved. In this
case all of the evidence established that the value of the property
taken was less than $200.00, which is ordinarily misdemeanor
larceny, therefore defendants argue that they can be found guilty
of no more than misdemeanor breaking or entering.

Defendants make resourceful arguments upon how G.S. 14-56
should be interpreted, but we are not persuaded. It appears to us
that the language of G.S. 14-56 does not require the actual larceny
of anything in order to convict of felonious breaking or entering.
It is the breaking or entering with intent to commit larceny that
is proscribed.

> "If any person shall with intent to commit any felony or
> larceny therein, break or enter any . . . motor vehicle . . . con-
> taining any goods . . . or other thing of value . . . ." G.S. 14-56.

Therefore the success of the larceny venture does not determine
the grade of the breaking or entering as defendants argue. It is
only necessary to establish the intent to commit larceny in order
to establish a felonious breaking or entering of the motor vehicle.
In *State v. Quick*, 20 N.C. App. 589, 202 S.E. 2d 299 (1974) the
defendant was charged and convicted of felonious breaking or
entering a motor vehicle. The evidence disclosed that he took
nothing from the vehicle. The vehicle contained only some various
papers, pens, cigarettes, matches, and a shoe bag. We held that
such items were personal property and subject to larceny. The
conviction of the defendant for felonious breaking or entering in
*Quick* was held to be without error. The State's evidence in the
present case tends to show that defendants were more successful
in the larceny than was established in *Quick*.

Defendants' further arguments that G.S. 14-56 should be con-
strued to mean that the breaking or entering must be with intent
to commit felonious larceny is not convincing. The statute clearly

says "with intent to commit any felony *or larceny.*" In our opinion the statute makes it a felony to break or enter a motor vehicle containing any goods, wares, freight, or other thing of value with intent to commit larceny, whether the larceny be felonious or misdemeanor larceny. This assignment of error is overruled.

[2] Defendants Kirkpatrick and Jones assign as error the denial of their motions to dismiss for insufficiency of the evidence. Considered in the light most favorable to the State, the State's evidence would justify the jury's finding that Kirkpatrick entered Cassidy's garage, removed the C.B. radio from Cassidy's automobile, left Cassidy's garage with the C.B. radio and defendant Lee's brown sock, ran when the police officer commanded him to stop, placed the C.B. radio and socks beside an oak tree as he ran, and continued running until cornered in a parking lot. Considered in the light most favorable to the State, the State's evidence would justify the jury's finding that Jones entered Cassidy's garage for about 30 seconds, undertook to remove the C.B. radio from Cassidy's automobile leaving his fingerprint on the dashboard, returned to the Rambler auto and drove it while Kirkpatrick and Lee returned to Cassidy's garage where they successfully removed the C.B. radio. We think the evidence was sufficient to require submission of the charges against Kirkpatrick and Jones to the jury. This assignment of error is overruled.

[3] Defendant Jones assigns as error the denial of his motion to sever his trial from the trials of Kirkpatrick and Lee. "Consolidation of cases for trial is generally proper when the offenses charged are of the same class and are so connected in time and place that evidence at trial upon one indictment would be competent and admissible on the other." *State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976). In the present case each of the defendants was charged with participation in the same offense at the same time and place. "As a general rule, whether defendants who are jointly indicted should be tried jointly or separately is in the sound discretion of the trial court, and, in the absence of a showing that appellant has been deprived of a fair trial by consolidation, the exercise of the court's discretion will not be disturbed upon appeal." *State v. Brower, supra.* Defendant Jones has failed to show that he was deprived of a fair trial in any way. This assignment of error is overruled.

Defendant Jones' exception to the admission of the testimony of the officer who lifted his fingerprint from the dashboard of Cassidy's automobile requires no discussion. This assignment of error is overruled.

In our opinion each of the defendants received a fair trial, free from prejudicial error.

No error.

Judges PARKER and ARNOLD concur.