Carl HUNT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Appeal from Guadalupe County.

No. 04–81–00032–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 18, 1981.

Discretionary Review Refused
March 10, 1982.

William L. Knobles, Seguin, for appellant.

Alfred Walker, Asst. State's Atty., Austin, for appellee.

## OPINION

Before ESQUIVEL, BUTTS and CANTU, JJ.

CANTU, Justice.

Appellant seeks a reversal of his conviction under Tex. Penal Code § 30.04 for burglary of a vehicle. Trial was to a jury with punishment being assessed by the trial court at ten years.

The sufficiency of the evidence to support the jury verdict is not challenged, but a brief discussion of the facts is, nevertheless, necessary for a proper disposition of the case.

The J. W. Reneau Poultry Plant in Seguin, Guadalupe County, Texas, had been experiencing a rash of burglaries from its refrigerated trucks. The decision was made to set up a police stake-out on the premises, and on September 13, 1979, at 9:00 p.m., such stake-out commenced. At approximately 11:10 p.m., a vehicle was seen approaching the stake-out area. Within minutes, a subject, later identified as appellant, was observed walking between some refrigerated trucks parked immediately in front of the building under surveillance. The subject stopped directly behind truck number twelve.

Appellant was not visible to the officer conducting the surveillance at this time; however, the officer could hear the truck door being opened. The door was described as the kind which rolls up into the truck, much in the manner of an overhead garage door.

The officer heard the door roll back down and appellant was observed walking from behind the truck carrying a box containing dressed chickens. The stake-out officer then identified himself and advised appellant to place the box on the ground and not to run.

Appellant began to walk away but was again warned by the officer to remain. At that point, other officers called in by the stake-out officer by prearranged signal arrived to assist in the investigation.

J. W. Reneau arrived and identified the box being carried by appellant as one of his boxes containing twenty-three whole dressed chickens. He also identified appellant as one of his employees and denied giving him consent to take the box of chickens.

The particular box found in appellant's possession was identified as coming specifically from truck number twelve.

According to Mr. Reneau, appellant's duties with the poultry company consisted of loading and unloading the refrigerated trucks.

Initially, appellant attacks the constitutionality of Tex. Penal Code § 30.04, the burglary of a vehicle statute, as being violative of the equal protection guarantees in Article 1, § 3 of the Texas Constitution and the 14th Amendment to the United States Constitution.

In a separate ground of error he argues that the assessment of ten years' confinement in the Texas Department of Corrections constitutes cruel and unusual punishment in that it is so greatly disproportionate to the offense committed as to be arbitrary and shocking to the sense of justice and in violation of the 8th Amendment to the United States Constitution and Article 1, § 13 of the Texas Constitution.

For the sake of cohesiveness, the two complaints will be addressed together.

Section 30.04 provides:

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

(b) For purposes of this section, 'enter' means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

(c) An offense under this section is a felony of the third degree.

In essence, appellant argues that the statute prescribes punishment as a third degree felony without regard to the amount of the theft, if any, without regard to the mode of entry into the vehicle and without regard to whether the vehicle is occupied.

Reliance is primarily placed upon the remarks in the Practice Commentary by Seth S. Searcy, III, and James R. Patterson appearing immediately after the statute:

"Like burglary of coin-operated machines, burglary of vehicles other than habitations protects no interest not already protected by the criminal mischief and theft offenses. It serves only to make felons of thieves even though the loss they inflict is not otherwise sufficient to justify felony treatment, if they are so unfortunate or uninformed that they steal or attempt to steal from a vehicle." Searcy and Patterson, Commentary on Burglary of Vehicles Statute, Tex. Penal Code Ann. § 30.04 (Vernon 1974).

Although the predecessor statute [1] has withstood the challenge of being void for indefiniteness and uncertainty in *Benedict v. State*, 172 Tex.Cr. 570, 361 S.W.2d 373 (1962), the contention presented in this case appears to be one of first impression in Texas.

■ In construing a penal statute where the conduct proscribed is declared to be a felony rather than a misdemeanor, a more strict construction is required. Sutherland Statutory Construction, 4th Ed., Vol. 3, § 59.04.

■ While all statutes pertaining to crimes and their punishment should be strictly construed, with nothing left to intendment, they should not be so construed as to thwart the evident will and intention of those who enacted them, where that intention is plainly and fairly deducible from the law itself. *Wilson v. State*, 117 Tex.Cr. 63, 36 S.W.2d 733 (1931).

■ The enacting legislation of the predecessor to § 30.04 contains the following language: "... the present law does not adequately protect vehicles against breaking and entering." Acts 1951, 52nd Legislature, p. 447.

In carrying the statute forward, the legislature [2] increased the punishment from a term not exceeding three years under Article 1404b to a term of not less than two, nor more than ten years' confinement in the Texas Department of Corrections and a possible fine not exceeding $5,000.00.[3] The increase in punishment evidences a greater

---

1. Tex. Penal Code Ann. art. 1404b (1951), 52nd Legislature p. 447, as amended Acts 1955, 54th Legislature, Ch. 71, p. 351.

2. Acts 1973, 63rd Legislature.

3. Tex. Penal Code Ann. §§ 12.34, 30.04(c) (Vernon 1974).

concern for protection of vehicles than was originally expressed in 1951. While this appears to be the first such challenge to the burglary of vehicle statute, it is not unique. Other states have successfully met the challenge, and an examination of these cases should prove helpful in evaluating appellant's contention.

In *People v. Jennings*, 42 Ill.App.3d 168, 356 N.E.2d 160 (1976), a challenge was made to Ill.Rev.Stat. 1973, ch. 38, par. 19–1, the general burglary statute which provides:

§ 19–1. Burglary

(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, as defined in the Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4–102 of the Illinois Vehicle Code.

(b) Sentence. Burglary is a class 2 felony.

The contentions made were (1) that the statute was unconstitutional in classifying petty theft from a motor vehicle as a burglary, hence punishable by incarceration in the penitentiary for up to 20 years; (2) that the punishment provided was excessive, cruel and unusual under the United States and Illinois Constitutions because the punishment is not proportionate to the seriousness of the offense; and (3) that the statute violated the State Constitution because, by making theft from a vehicle a felony whereas theft from an ordinary street or business location is only a misdemeanor, it denied equal protection of the laws to persons who commit a theft from an automobile.

In a very persuasive opinion, the Appellate Court of Illinois dismissed the challenge by holding:

The defendants also contend that equal protection of the laws as mandated by the Illinois Constitution, article I, section 11, was denied them because the punishment for theft from a vehicle is arbitrarily and unreasonably severe merely because it is from a vehicle, as compared with what the punishment would be for the same theft from another location. The defendants point out that the sentence under a charge of a theft from a vehicle could possibly be greater than would be inflicted if the whole automobile was stolen, although the value of the entire automobile would be much greater than the value of its contents. It is obvious, however, that in making theft from a vehicle a Class 2 felony, equated in seriousness with a burglary of a dwelling, the legislature was giving recognition to the status of the automobile in this age of mobility as being almost an extension of one's dwelling. Inasmuch as the public convenience and necessity requires constant and extensive use of the automobile as an adjunct of modern living it seems not unreasonable to protect it by more stringent penalties than apply to personal property lying in the open. A majority of citizens perforce carry valuable personal property and leave it in their automobiles. Such property should not be exposed for lack of serious penalties to frequent and harassing theft. We find the classification attacked here has a reasonable basis and that it does not deny equal protection under the laws of Illinois. 356 N.E.2d at 162, 163.

Other states have long had similar statutes although they have perhaps escaped such challenges. See *People v. Burns*, 114 Cal.App.2d 566, 250 P.2d 619 (1952); *State v. Jones*, 153 Conn. 451, 217 A.2d 691 (1966); *Kimmons v. State*, 156 Fla. 448, 23 So.2d 523 (1945); *People v. Hadesman*, 304 Mich. 481, 8 N.W.2d 145 (1943); *State v. Duran*, 127 Mont. 233, 259 P.2d 1051 (1953); *Harrison v. State*, 133 Neb. 794, 277 N.W. 96 (1938); *State v. Murray*, 33 N.J. 393, 165 A.2d 161 (1960).

Such statutes continue to gain favor and are the subject matter of constant revision. *See, Mullins v. State*, 338 So.2d 475 (Ala. App.1976); *People v. Romero*, 179 Colo. 159, 499 P.2d 604 (1972); *Massey v. State*, 141 Ga.App. 557, 234 S.E.2d 144 (1977); *McCor-*

*mick v. State*, 382 N.E.2d 172 (Ind.App. 1978); *State v. Ervin*, 223 Kan. 201, 573 P.2d 600 (1977); *State v. Russell*, 352 So.2d 1289 (La.1977); *Commonwealth v. Hooks*, 450 Pa. 562, 301 A.2d 827 (1973).

In *State v. Kirkpatrick*, 34 N.C.App. 452, 238 S.E.2d 615 (1977), argument was made that the theft was of goods valued at less than $200.00 and that the grade of the offense should depend upon the grade of theft alleged and proved.

The Court in rejecting such argument stated:

It is the breaking or entering with intent to commit larceny that is proscribed. Therefore, the success of the larceny venture does not determine the grade of the breaking or entering as defendants argue. It is only necessary to establish the intent to commit larceny in order to establish a felonious breaking or entering of the motor vehicle. 238 S.E.2d at 617, 618.

Similar holdings have been reached by our Court of Criminal Appeals. *Phillips v. State*, 538 S.W.2d 116 (Tex.Cr.App.1976); *Gonzales v. State*, 517 S.W.2d 785 (Tex.Cr. App.1975); *Jones v. State*, 482 S.W.2d 634 (Tex.Cr.App.1972); *Chavez v. State*, 479 S.W.2d 687 (Tex.Cr.App.1972). The Supreme Court of Florida has also rejected appellant's contention in *Robinson v. Cochran*, 133 So.2d 310 (Fla.1961) where, in construing Florida's breaking and entering vehicle statute, F.S.A. § 810.051, it stated:

In his traverse to the return petitioner contends that § 810.051, F.S.A., is unreasonable and unconstitutional for the reason that the punishment for breaking and entering an automobile to commit any crime, as laid down in § 810.051, is greater than the punishment for stealing an automobile as prescribed by § 811.20, F.S.A.

While the difference in the sentences prescribed for the offenses compared by petitioner may seem inconsistent with the comparative gravity of the respective crimes, such inconsistency does not render either of the statutes unconstitutional. Such apparent inconsistency in punishment for comparative crimes is merely evidence of the need for complete revision of our criminal statutes. 133 So.2d at 311, 312.

We do not interpret appellant's challenge to Tex. Penal Code § 30.04 as an assertion that the statute has been unconstitutionally applied to him. Rather we interpret his complaints to be that the statute is unconstitutional because it is capable of unequal application to thefts under different circumstances and that the punishment assessed him is disproportionate under the circumstances.

While we may be able to conceive of situations where the statute might be unconstitutionally applied, such issue is not before us and need not be addressed.

Appellant's argument is erroneously premised upon his belief that he has been convicted of theft instead of a species of burglary. If we were to succumb to his reasoning we, perhaps, might be persuaded. However, no testimony was presented with regard to the value of the property taken by appellant, therefore, we may not conclude that the underlying theft would not have constituted felony theft standing alone.

We note from the evidence adduced that appellant was assessed a term of ten years after his criminal record disclosed three prior felony convictions for forgeries and burglary. Under the circumstances we cannot conclude that the punishment assessed was necessarily disproportionate and arbitrary.

Ten years being within the range of punishment set by the legislature for such offenses, we decline to hold that such punishment was improper or illegal. *Poe v. State*, 513 S.W.2d 545 (Tex.Cr.App.1974); *White v. State*, 495 S.W.2d 903 (Tex.Cr.App.1973); *See also Jones v. State*, 482 S.W.2d 634 (Tex.Cr.App.1972).

Finding ourselves firmly persuaded by the holdings in *People v. Jennings, supra; State v. Kirkpatrick, supra*; and *Robinson v. Cochran, supra*, as well as by the legislative concern expressed in Article 1404b Tex.

Penal Code Ann. [Acts 1951, 52nd Legislature, p. 447], the forerunner of Tex. Penal Code § 30.04, we hold that the statute assailed by appellant is founded upon a reasonable basis and does not prescribe unreasonable and arbitrary punishment.

Appellant's constitutional attack upon Tex. Penal Code § 30.04 is, therefore, without merit and must fail.

In three separate grounds of error appellant complains of the trial court's refusal to grant a hearing on his motion for leave to file his bill of exception, in failing to respond to his timely special requested charge on the law of circumstantial evidence and in failing to grant a mistrial following a comment by the prosecuting attorney to the effect that he (appellant) had not testified nor called any witnesses.

■ We interpret appellant's challenge to the trial court's action of refusing to grant a hearing on his motion for leave to file his bill of exceptions as complaining of error during the voir dire examination.

The voir dire examination of the veniremen was not recorded and the complaint is, therefore, only vaguely before us. Nevertheless, it appears from the record that appellant sought to file an instrument denominated as "Defendant's Motion For Leave to File," along with an attached bill of exception, some 40 days after the expiration of the 90 day period provided for by Article 40.09 § 6, Tex.Code Crim.Pro.Ann.

It further appears that the trial court granted permission to file the bill but denied a hearing and disapproved the bill as qualified, but ordered it filed of record. No attempt to file a bystander's bill was made and none appears in the record.

We first note that even if we are to consider the disapproved bill of exception for review, it preserves nothing for our determination in the absence of some showing of prejudice to the appellant from the conduct complained of.

We are unable to determine how appellant was unduly restricted in his voir dire in the absence of the court reporter's notes or some other means of informing this court

what questions appellant sought to ask and what responses he expected to elicit.

The bill of exception alleges in part: "Louis T. Rosenberg [defense counsel] also attempted to question the jurors concerning points he felt were important and not listed on the juror information forms."

We decline to speculate what points defense counsel felt were important and not listed on the information forms.

Upon the record before us we can perceive no error requiring reversal.

■ The remaining two grounds of error, addressing the trial court's failure to instruct on circumstantial evidence and in failing to grant a mistrial, deal with evidentiary matters which we deem waived in view of appellant's judicial confession at the punishment phase of the trial. *Reeves v. State,* 566 S.W.2d 630 (Tex.Cr.App.1978).

While the question has not been directly answered as to whether a judicial confession at the punishment phase waives a request for a defensive charge, to-wit, a charge on circumstantial evidence, we perceive no reason for a different result from those cases where the alleged error as to sufficiency of the evidence is waived or where alleged error in the admission of illegally obtained evidence is waived by virtue of a subsequent judicial confession. *See Reeves v. State, supra; Boothe v. State,* 474 S.W.2d 219 (Tex.Cr.App.1972); *Richardson v. State,* 458 S.W.2d 665 (Tex.Cr.App.1970). *See also Dugger v. State,* 543 S.W.2d 374 (Tex.Cr.App.1976), where a complaint of inadequacy of representation of appointed counsel was deemed waived by virtue of the judicial confession and *Hunnicutt v. State,* 531 S.W.2d 618 (Tex.Cr.App.1976), where objection to illegally seized evidence is waived or rendered harmless in light of a subsequent judicial confession.

■ Even if there was no waiver, the trial court was correct in refusing the requested charge in view of the direct evidence showing every fact necessary to prove a burglary of a vehicle except the actual opening of the rear sliding door.

The proof excluded the presence of any other persons but appellant. Therefore, we find this case to be controlled by the holdings in *Cooper v. State*, 509 S.W.2d 865 (Tex.Cr.App.1974); *Newton v. State*, 509 S.W.2d 610 (Tex.Cr.App.1974); and *Ales v. State*, 587 S.W.2d 686 (Tex.Cr.App.1979), where the rule was stated that: "... where the facts are in such close juxtaposition to each other a charge on circumstantial evidence need not be given."

Appellant's contention that the prosecutor was permitted to argue over objection that appellant had not testified nor called any witnesses is not supported by the record. The prosecutor argued to the jury:

> It is an open and shut case. I don't know really what to argue. I don't really know what point to pick out. There is nothing in controversy. There has not been anything said that dispute any of the officers [sic] testimony.

■ Appellant objected that the argument constituted a remark that appellant had a duty to go forward with proof. The contention that the argument was a reference to appellant's failure to testify is raised for the first time on appeal. Since the objection at trial does not conform to the complaint on appeal, error, if any, is not reviewable on appeal. *Plunkett v. State*, 580 S.W.2d 815 (Tex.Cr.App.1979); *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App. 1976).

■ We hold, in any event, that the argument of the prosecutor was not objectionable as a comment on appellant's failure to testify. Since the officers were not the only witnesses to testify, the remark was not calculated to convey to the jury that only the appellant could dispute the officer's testimony. *Cf. Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App.1978).

The grounds of error not presenting reversible error, the judgment is affirmed.