LLOYD HARRISON V. STATE OF NEBRASKA.

277 N. W. 96

FILED JANUARY 12, 1938.   No. 30184.

*Richard F. Stout* and *Jay O. Rodgers,* for plaintiff in error.

*Richard C. Hunter, Attorney General,* and *Francis V. Robinson, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and ELDRED, District Judge.

GOSS, C. J.

Defendant was convicted on an information charging that he did forcibly break and enter a motor vehicle with the intent to steal therefrom property of value contained within the automobile. He brings proceedings in error to reverse the judgment based on the verdict.

By section 28-596, Comp. St. Supp. 1935, the legislature provided: "Every person who shall break and enter, or enter without breaking, at any time, any motor vehicle, with intent to commit the crime of larceny, shall be deemed guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one year nor more than two years." This created a new substantive crime.

There was sufficient evidence to be considered by the jury that defendant reached through an opening in the side of the truck and removed and took away a carton containing 30 pounds of butter. Defendant's brief concedes that the evidence "was technically sufficient, if believed, to establish the fact."

While the information charges that defendant did forcibly break and enter the motor vehicle with intent to steal property of value and instruction number 2 to the jury states the elements along lines upon which the burden of proof is upon the state, yet instruction number 3 explains to the jury that the law provides that any person who shall break and enter, or enter without breaking, at any time, any motor vehicle, with intent to commit the crime of larceny or steal property, shall be deemed guilty of a felony. Then the instruction says: "If the evidence in this case fails to show that the defendant did break into the motor vehicle * * * it would be sufficient, under the charge, that the state shall prove by evidence beyond a reasonable doubt that the defendant, Lloyd Harrison, entered the truck in question without actually breaking into it, with intent to steal property of value."

The giving of each of these instructions is assigned as error.

Instruction number 2 charged both breaking and entering, and if the jury found that he both broke and entered the automobile the offense must be complete. Instruction number 3 covers the offense committed if the defendant did not use force to break into the automobile, with the intent to steal property of value. South Dakota has a very similar statute, which provides: "Every person, who breaks or enters, in the day or in the nighttime * * * any building, booth, tent * * * or any other structure * * * in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary." Defendant was charged with "breaking and entering." The court there said, on a contention similar to that raised in the case at bar: "It will be observed that this section does not require

a 'breaking,' but 'entering' alone is sufficient to constitute the crime, and, though the information charges both the breaking and entering, the crime will be complete whether the entry was accomplished by means of force or without it. The contention is that an actual forcible breaking and entering must be read into this section. The statute seems to us too plain to require a discussion of this proposition." *State v. Vierck,* 23 S. Dak. 166, 120 N. W. 1098.

Taken together, the instructions use practically the language of the statute. "In a criminal prosecution, the trial court in giving instructions may describe the offense in the language of the statute." *Alt v. State,* 88 Neb. 259, 129 N. W. 432.

The instructions given by the trial court are to be considered as a whole in considering whether there was error in them. "All instructions given should be considered in determining whether a particular instruction is prejudicial." *Foreman v. State,* 126 Neb. 619, 253 N. W. 898.

We have examined the charges of error based upon alleged misconduct of the prosecutor and find them without any special merit.

After an examination of the entire record, we consider that no substantial miscarriage of justice has actually occurred and therefore, under the mandate of section 29-2308, Comp. St. 1929, the judgment is

AFFIRMED.