THE STATE OF MONTANA, Plaintiff and Appellant, v.
RUSSELL WAYNE RICHTER, Defendant and Respond-
ent.

No. 11594.
Decided March 19, 1969.
451 P.2d 833

Robert L. Woodahl, Atty. Gen., Stacy W. Swor (argued),
Asst. Atty. Gen., Helena, Robert D. Morrison, County Atty.,
Ronald W. Smith, Deputy County Atty., Havre, for appellant.

Jess L. Angstman, Havre, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion
of the Court.

This appeal results from dismissal of a first degree burglary
information.

On March 25, 1968, an amended information was filed in
Hill County charging Russell Wayne Richter with the crime

of burglary in the first degree. The information specified that on January 25, 1968, the defendant "intentionally and burglariously, with the intent in him, the said Russell Wayne Richter, then and there and therein to commit larceny, during the nighttime, enter the engine compartment of a 1968 Chevy II automobile, Serial No. 113698W2-49222, located in Havre, Hill County, Montana, then and there the property of Angstman Motor Company". The information was dismissed on the grounds that a criminal offense was not charged, in that, a wrongful entry into the engine compartment of an automobile is not entry of an automobile (motor vehicle) as defined in section 94-901, R.C.M.1947.

The sole issue before this Court is whether or not the engine compartment of an automobile is subject to burglary!

Section 94-901, R.C.M.1947, provides:

"Burglary defined. Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, motor vehicle and aircraft, vessel, or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary."

While the basic elements of the crime of burglary have remained the same in our statute since our first territorial criminal code, the so-called conveniences of civilization have broadened the basis of the crime. Originally first degree burglary was defined in the Laws of Montana Territory 1864, Criminal Practice Acts, Section 58, p. 188, as follows:

"Every person who shall, in the nighttime, forcibly break and enter, or without force (the doors and windows being open), enter into any dwelling-house, or any other house whatever, or tent, with intent to commit murder, rape, robbery, mayhem, larceny, or other felony, shall be deemed guilty of burglary, and upon conviction thereof shall be punished by imprisonment in the Territorial prison for a term not less than five nor more than twenty years."

By 1885 civilization had made considerable inroads and it

was necessary to amend our burglary statute to include not only dwelling house or tent, but also "room, apartment, tenement, shop, warehouse, store, mill, barn, stable, out-house, or other building, tent, steamboat, or rail-car". Laws of 1885, Burglary, Section 69, p. 50.

This 1885 amendment with one amendment in 1895 which changed the word "steamboat" to "vessel", withstood the wheels of progress until 1949 when the word "automobile" was inserted before the words "vessel, or railroad car". Laws of 1949, Chapter 126, Section 1.

This Court's opinion in State v. Duran, 127 Mont. 233, 259 P.2d 1051 (1953), held that a truck was not within the meaning of the term "automobile". Thereafter, the act was amended by Section 1, Chapter 17, Laws of 1957 to substitute the words "motor vehicle and aircraft" for the word "automobile".

While no cases have been found directly in point—entry into the engine compartment, other jurisdictions with like statutes have found the wrongful entry into auto trunks or other motor vehicle storage compartments to be burglary. Harrison v. State, 133 Neb. 794, 277 N.W. 96; People v. Massie, 241 Cal.App.2d 812, 51 Cal.Rptr. 18; People v. Carter, 233 Cal.-App.2d 260, 43 Cal.Rptr. 440; People v. Toomes, 148 Cal.App.2d 465, 306 P.2d 953.

■ It cannot be argued that the legislature does not have the power to denominate this type of offense as a burglary in order to prevent the apparent evil of breaking into a car. Manifestly, making the offense a felony would tend to minimize the frequency of such unlawful acts. In construing legislative intent the courts of this state construe criminal statutes according to the fair import of their terms, with a view to effect their object and promote justice. State v. Aldahl, 106 Mont. 390, 78 P.2d 935.

■ When so considered, it is apparent that the objective for the enactment of section 94-901, R.C.M.1947, was to declare the wrongful entry into the enclosed area of a motor

452

vehicle a burglary. The wrongful entry into the enclosed automobile engine compartment is an entry into a motor vehicle and is a burglary.

The order of the lower court is reversed and it is ordered that the dismissal of the information be set aside and the information reinstated.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, HASWELL, and BONNER, concur.