No. 13301

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOHN C. SHANNON,

Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack Green, Judge presiding.

Counsel of Record:

For Appellant:

Hirst and Dostal, Missoula, Montana
John Dostal argued, Missoula, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
John F. North argued, Assistant Attorney General,
Helena, Montana
Robert L. Deschamps, III, County Attorney, Missoula,
Montana
Edward McLean argued, Deputy County Attorney, Missoula,
Montana

For Amicus Curiae:

John Connor, Missoula, Montana

---

Submitted: September 1, 1976

Decided: SEP 2 0 1976

Filed: SEP 2 0 1976

*Thomas J. Kearney*

Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

John C. Shannon appeals his conviction in the district court, Missoula County, on the criminal charge of burglary, a felony as specified in section 94-6-204(1), R.C.M. 1947. Defendant was found guilty of knowingly entering the trailer portion of a tractor-trailer owned by Arden Olsen Trucking of Kalispell, Montana, for the purpose of removing approximately 28 cases of beer. At trial, defendant admitted that he and two friends entered the trailer and removed the beer. Defendant argues these facts are insufficient to constitute the crime of burglary because a trailer attached to a semi-truck is not an "occupied structure" within the meaning of section 94-6-204(1), R.C.M. 1947, even though, as here, the tractor portion has a sleeper-cab in which the operator may sleep. He further contends these acts complained of, and admitted in court, are sufficient to sustain only a charge of criminal trespass to vehicles under section 94-6-202, R.C.M. 1947 or misdemeanor theft under section 94-6-302(4), R.C.M. 1947.

The district court found the tractor-trailer was an "occupied structure" and a vehicle within the definitions of section 94-2-101(35) and (65), R.C.M. 1947, and that any entry thereto with intent to commit theft of the beer was burglary.

Section 94-2-101(35), R.C.M. 1947, defines "occupied structure" as:

> "* * * any building, <u>vehicle</u>, or other place suited for human occupancy or night lodging of persons or for carrying on business, whether or not a person is actually present. * * *" (Emphasis supplied.)

The annotation to this definition, Montana Criminal Code, 1973, Annotated, Montana Criminal Law Commission, Prof. William F. Crowley, p. 55, states:

"* * * It is important to note that the structure need not be occupied to be the subject of arson or burglary--under this definition the building need only be <u>suited</u> for human habitation."

The tractor-trailer entered by defendant was a vehicle as defined in section 94-2-101(65), R.C.M. 1947, which states:

"'Vehicle' means any device for transportation by land, water or air, or mobile equipment with provision for transport of an operator."

The Montana Criminal Code, 1973, Annotated, p. 86, notes:

"* * * Included within this definition are all those transportation devices defined by the Motor Vehicle Code (R.C.M. 1947, §32-2101) as vehicles, including automobiles, motorcycles, motor driven cycles, emergency vehicles, buses, bicycles, farm and construction equipment, plus numerous vehicles not included within the Motor Vehicle Code * * *."

The Motor Vehicle Code, section 32-2102(a), R.C.M. 1947, defines "vehicle" as:

"Every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway * * *."

This definition definitely includes the trailer portion of the tractor-trailer entered by defendant and his associates.

The primary gravamen of burglary at common law, and under the Montana Criminal Code of 1973, R.C.M. 1947, Title 94, is "the threat to person resulting from the wrongful intrusion * * *". Montana Criminal Code, 1973, Annotated, p. 236. However, the drafters of the 1973 criminal code also included language expressly intended to protect the structure or vehicle utilized for "carrying on business". Section 94-2-101(35), R.C.M. 1947. This burglary statute was drafted with both intentions in mind.

Defendant argues that to so hold will result in his conviction of a felony rather than the lesser offense of criminal trespass to vehicles, which under section 94-6-202, R.C.M. 1947, is a misdemeanor offense or of misdemeanor theft under section 94-6-302(4), R.C.M. 1947.

This Court in State v. Richter, 152 Mont. 449, 451, 451 P. 2d 833, stated:

> "It cannot be argued that the legislature does not have the power to denominate this type of offense as a burglary in order to prevent the apparent evil of breaking into a car. Manifestly, making the offense a felony would tend to minimize the frequency of such unlawful acts. In construing legislative intent, the courts of this state construe criminal statutes according to the fair import of their terms with a view to effect their object and promote justice. State v. Aldahl, 106 Mont. 390, 78 P.2d 935."

It is clear the drafters of the Montana Criminal Code of 1973, intended to include such an offense as committed by defendant, and admitted by him in court, within the scope of section 94-6-204, R.C.M. 1947, Burglary.

The conviction in the district court is affirmed.

_Wesley Castles_
Justice

We Concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_

_Frank I. Haswell_
Justices.

- 4 -