THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD RICHBERG, SR., and EDWARD RICHBERG, JR., Respondents.

First Department, March 3, 1977

*Alan Seth Adolph* of counsel *(Mario Merola, District Attorney),* for appellant.

*Selig Lenefsky* for Edward Richberg, Sr., respondent.

*Harry Cohen* for Edward Richberg, Jr., respondent

SILVERMAN, J. The People appeal from an order of the Supreme Court dismissing the first count of the indictment charging defendants with attempt to commit arson in the third degree.

In the course of a hearing on a motion to suppress physical evidence and statements, defendants raised the issue of whether the structure involved, an empty, vandalized, and perhaps abandoned building, constituted a "building" within the meaning of section 150.00 of the Penal Law which could be the subject of the crime of arson in the third degree. Although a motion to dismiss the indictment for insufficiency of evidence before the Grand Jury had previously been denied by another Judge, the District Attorney apparently did not object to the propriety of the procedure of raising this question in the course of the suppression motion. Perhaps what the parties did could be equated to a motion to dismiss the indictment under CPL 210.20 (subd 1, par [h]) on the ground that "[t]here exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged," with an implied waiver of the procedural and formal requirements for such a motion (CPL 210.45).

Based on the evidence at the suppression hearing, the Judge found that the structure was not such a "building." In this we think he erred. Even accepting the Judge's interpretation of section 150.00 of the Penal Law, the evidence in this case presented at most a question of fact as to whether this structure was a "building," a material element of the crime and thus a question for determination by the jury as part of the whole case and not by the Judge sitting without a jury trying this as a separate issue.

We also disagree with the Judge's interpretation of the definition of "building." Section 150.00 of the Penal Law defines "building" for the purposes of the arson statute in part as follows: "'building,' in addition to its ordinary meaning, includes any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein."

The Judge interpreted the clause "used for overnight lodging of persons, or used by persons for carrying on business therein" as modifying the phrase "'building,' in addition to its

ordinary meaning." In our view, the modifying clause has no applicability to the latter phrase. Otherwise, it would not be a crime to burn down large sections of our city. So far as appears, the structure here involved was a "building" in the "ordinary meaning" of that word.

Defendants urge us to sustain the dismissal of this count on the ground that the hearing Judge erred in denying the motion to suppress evidence. We decline to do so. The denial of the motion to suppress evidence is not reviewable on this appeal. Such a denial is reviewable only on appeal from a judgment of conviction. (CPL 710.70, subd 2; *People v Winslow,* 31 AD2d 561.)

The order of the Supreme Court, Bronx County (DROHAN, J.), dated June 7, 1976, dismissing the first count of the indictment charging defendants with attempt to commit arson in the third degree, should be reversed on the law, and said count reinstated in the indictment.

LUPIANO, J. P., BIRNS and CAPOZZOLI, JJ., concur.

Order, Supreme Court, Bronx County entered on June 7, 1976, unanimously reversed, on the law, and the first count of the indictment charging defendants with an attempt to commit the crime of arson in the third degree reinstated.