Argued January 18, reversed February 20, 1979

STATE OF OREGON, *Respondent,*
*v.*
LARRY EDWARD SCOTT, *Appellant.*
(No. 18-124 (78-8354), CA 11993)

590 P2d 743

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

The defendant appeals his conviction of burglary in the first degree of a railroad boxcar. After a trial to the court, the defendant moved for a judgment of acquittal on the ground that a railroad boxcar is not a building as used in the Oregon burglary statutes and he assigns the denial of his motion as error on appeal.

ORS 164.205(1) defines "building" as used in the burglary statutes:

> " 'Building,' in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein. Where a building consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building."

The Commentary to the Oregon Criminal Code explains that the purpose of this expansive definition of building is "to include those structures and vehicles which typically contain human beings for extended periods of time, in accordance with the original and basic rationale of the crime: protection against invasion of premises likely to terrorize occupants." Commentary, Proposed Oregon Criminal Code, § 135 at p 143 (1970). The state acknowledges that a railroad boxcar is neither a structure nor vehicle adapted for overnight accommodation of persons, but argues, consistent with the reasoning of the trial court, that a boxcar is a structure adapted for carrying on business therein.

There is nothing in the nature of a railroad boxcar which indicates that it is adapted for carrying on business therein. It is conceivable that a boxcar may be adapted for that purpose or for accommodating people overnight, but there is no evidence that this boxcar was so adapted or that it was anything other than a structure on wheels designed for the storage of

[ 467 ]

goods during their transportation. Therefore, we conclude that this railway boxcar was not a building as that term is used in the burglary statutes and the acquittal should have been granted.

Reversed.