BOWEN, Judge.
The defendant was indicted and convicted for burglary in the third degree. Section 13A-7-7, Alabama Code 1975 (Amended 1977). Sentence was ten years’ imprisonment.
The evidence shows that the defendant broke into the trailer portion of a tractor-trailer vehicle. The tractor-trailer was utilized in the business of Acme Moving and Storage. The trailer was approximately three-quarters full of household furniture.
The issue presented is whether the trailer portion of a tractor-trailer constitutes a “building” as defined by the burglary statutes.
Section 13A-7-l(2) defines “building” as: “Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein.”
(Emphasis added)
The commentary to this section explains:
“In addition to its ordinary meaning, ‘building’ includes ‘any vehicle, aircraft or watercraft’ which are not permanent structures or buildings in the ordinary sense, provided at the time they were being used for lodging, business, or the storage of goods. Thus, a private airplane, housetrailer, camper, mobile field office or tool house, houseboat or bus might qualify under the definition.”
Under Sections 13A-1-2(13)[1] and 13A-8-1(9)[2], a tractor-trailer is a “vehicle” within the definition of the Alabama Criminal Code. See Haden v. Lee’s Mobile Homes, Inc., 41 Ala.App. 376, 380-1, 136 So.2d 912, cert. denied, 273 Ala. 708, 136 So.2d 920 (1961).
More specifically, the question we must answer in this case is whether a tractor-trailer employed in the business of moving household goods and furniture and in which household furniture is actually contained is a vehicle used for “carrying on business therein.”
To support his argument that the tractor-trailer is not a building, the defendant cites State v. Scott, 38 Or.App. 465, 590 P.2d 743 (1979), wherein the Court of Appeals of Oregon held that a railway boxcar was not a building as defined in the burglary stat *917 ute. (Building “includes any . . . vehicle ... or other structure adapted ... for carrying on business therein.” Scott, 590 P.2d at 744). The Oregon Court noted:
“There is nothing in the nature of a railroad boxcar which indicates that it is adapted for carrying on business therein. It is conceivable that a boxcar may be adapted for that purpose or for accommodating people overnight, but there is no evidence that this boxcar was so adapted or that it was anything other than a structure for the storage of goods during their transportation. Therefore, we conclude that this railway boxcar was not a building as that term is used in the burglary statutes and the acquittal should have been granted.”
Scott, 590 P.2d at 744.
The State, in arguing that the tractor-trailer is a building, relies on State v. Shannon, 171 Mont. 25, 554 P.2d 743 (1976). In that case the defendant burglarized the trailer portion of a tractor-trailer. The Supreme Court of Montana found that a tractor-trailer (where the tractor portion had a sleeper-cab in which the operator could sleep) was an “occupied structure” and a vehicle within the statutory definition. In Montana, an “occupied structure” is defined by statute as “any . . . vehicle, or other place suited for human occupancy or night lodging of persons or for carrying on business whether or not a person is actually present.” Shannon, 554 P.2d at 743. In reaching this conclusion, the Court noted that the primary gravamen of burglary at common law and under the Montana Criminal Code is the threat to person resulting from the wrongful intrusion. The Court noted that the burglary statute was drafted with a second intention in mind because the drafters of the criminal code also included language expressly intended to protect the structure or vehicle used for “carrying on business.” The definition of “occupied structure” in the Montana Criminal Code is so patently distinguishable from Alabama’s definition of “building” that the case of Shannon cited by the State is without any significance in deciding the issue we face.
It is significant, we think, that the definition of “building” in the Alabama Criminal Code is limited to any vehicle used for the “lodging of persons or carrying on business therein” and does not include any vehicle used for the “storage of goods.” The significance is in the fact that building is defined as “(a)ny structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods.” A strict and literal interpretation of this definition excludes a vehicle used for the storage of goods from being considered a building. In agreement with Scott, we do not consider the mere storage of goods in a trailer to constitute the “carrying on of business therein.”
Section 13A-8-ll(b) specifically provides for the unlawful breaking and entering a vehicle. The commentary to this section states: “Since burglary under the Criminal Code is technically concerned only with the unlawful entering or remaining in buildings and dwellings, none of these degrees cover the illegal entry of vehicles in general.”
Criminal statutes must be strictly construed in favor of those persons sought to be subjected to their operation. Sexton v. State, 392 So.2d 1239, 1241 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1241 (Ala.1981). “‘Penal statutes are to reach no further in meaning than their words.’ Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952). ‘No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused.’ Fuller v. State, supra.” Clements v. State, 370 So.2d 723, 725 (Ala.1979).
Under the facts of this case, the trailer was not a building as that term is used in the burglary statutes. The defendant’s motion to exclude the State’s evidence upon this ground was due to be granted. The judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.

. Section 13A-1-2.
“(13) VEHICLE. Any ‘propelled vehicle’, as defined in subdivision (9) of section 13A-8-1, and such term includes any propelled device by which any person or property is transported on land, water or in the air, and includes motor vehicles, motorcycles, motorboats, and aircraft, and any vessel, whether propelled by machinery or not.”

. Section 13A-8-1.
“(9) PROPELLED VEHICLE. Any propelled device in, upon or by which any person or property is transported on land, water or in the air, and such term includes motor vehicles, motorcycles, motorboats, aircraft and any vessel propelled by machinery, whether or not that machinery is the principal source of propulsion.”