■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FENNELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered May 25, 1984, convicting him of burglary in the third degree, criminal mischief in the second degree, and violation of Public Health Law § 4218, upon a jury verdict, under indictment No. 1850/83, and an amended judgment of the same court, also rendered May 25, 1984, convicting him of a violation of probation, upon his plea of guilty, under indictment No. 8160/80, and imposing sentences.

Judgment and amended judgment affirmed.

In May of 1983, on two separate occasions, a number of mausoleums at the Bayside Cemetery in Queens were broken into and desecrated. In total, some 10 mausoleums were broken into, several crypts were opened, the caskets were pulled out and broken open, and the remains of several persons were strewn about. In addition, extensive graffiti was scrawled upon the inside and outside of the mausoleums, and upon several headstones.

The defendant's name was found among the graffiti which appeared on May 5 and again among new graffiti which appeared on May 9. In addition, the defendant's sneaker print and one of his fingerprints were found inside one of the

mausoleums. He was convicted of burglary in the third degree, criminal mischief in the second degree, and violation of Public Health Law § 4218 under indictment No. 1850/83.

The pivotal question raised by these appeals is whether a mausoleum falls within the Penal Law § 140.00 (2) definition of a "building" for the purpose of the charge of burglary in the third degree. Penal Law § 140.00 (2) defines a building as follows: " 'Building,' *in addition to its ordinary meaning,* includes any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed motor truck trailer. Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building" (emphasis added). The defendant relies on *People v Richards* (108 NY 137) to support his argument that a mausoleum does not fall within the Penal Law definition of a building for the crime of burglary, since that decision decided this same issue in favor of a defendant in 1888. The relevant statute in *Richards* read " 'The term "building," as used in this chapter, includes a railway car, vessel, booth, tent, shop, or other erection or inclosure' " *(People v Richards, supra,* at p 143). While conceding that a mausoleum would fall within the terms "other erection or inclosure" if those terms were given their broadest meaning, the *Richards* court applied the rule of *ejusdem generis (see,* McKinney's Cons Laws of NY, Book 1, Statutes § 239) and concluded that the phrase "other erection or inclosure" is to be interpreted as including things of a nature similar to those already described by the specific words found in the statute, i.e., things of that character which mankind used for the purpose of sheltering property or for the purpose of transporting the same, or the purpose of trade or commercial intercourse.

In 1965, the relevant section of the Penal Law was amended to its present form by placing the broad words generally describing the class *first,* and the specific additions afterward. This material change in the statute *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 193), expanded the definition to include anything that comes within the "ordinary meaning" of the word "building", and the rule of *ejusdem generis* is *no longer applicable in interpreting this statute.* As a mausoleum is a constructed edifice enclosed by walls, covered by a roof, designed to stand permanently, and serving a useful purpose, it is included within the ordinary meaning of the

word "building" *(see, People v Sevigny,* 121 Misc 2d 580). Hence, the defendant was properly convicted of burglary in the third degree.

We have considered the defendant's other contentions and find them to be without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.