OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
Defendant, having been indicated for burglary in the third degree (Penal Law § 140.20) and possession of burglar’s tools (Penal Law § 140.35), has moved this court to dismiss the indictment, suppress inculpatory statements and conduct a Sandoval hearing.
On January 10, 1991 at about 9:30 p.m. in the evening, a security officer observed defendant inside a partially completed townhouse, without lawful authority or permission of the owner of the premises. Defendant was observed placing copper piping which he had cut with snippers in a box inside the building.
*572 The townhouse was unoccupied and not substantially completed for residential purposes as additional interior work was required.
Defendant’s counsel proffers McGary v People (45 NY 153) for the proposition that a building under construction cannot be denominated a "building” as defined in section 140.00 (2) of the Penal Law.
The McGary case (supra), decided by the Court of Appeals in 1871, is not controlling and is distinguishable from the instant matter for several reasons. The Court of Appeals was interpreting a statute making it a felony to set fire or burn " 'any building erected for the manufacture of cotton or woolen goods or both.’ (2 R.S., 667, § 4.)” (McGary v People, supra, at 160.) While the court noted that the building was so incomplete it could hardly be considered a building erected for any purpose, it observed the statute was designed to protect buildings of a particular character when completed or substantially completed (McGary v People, supra, at 161). The court then held that a " 'building erected’ ” is different from a " 'building being erected.’ ” (Supra, at 161.)
Not only is the peculiarity of this statute no longer the law of this State, but the reasoning of the court is not analogous to the general tenor of the current Penal Law definition of a building. Section 140.00 (2) of the Penal Law defines a building by its "ordinary meaning” and to also include "any structure * * * used by persons for carrying on business therein”.
The criteria of a useful purpose as enunciated in McGary (supra) would only apply in those limited class of cases where the particular language of a statute would require a finding of an existing specific use or substantial completion to that end.
Here, defendant was not indicted for the burglary of a dwelling. The uninhabitable and perhaps substantially incomplete status of the townhouse did not disqualify it as a structure, or building. The structure is a place where the business of constructing a townhouse was carried on.
In addition, the modifying clauses of the statute do not restrict the phrase " 'building,’ in addition to its ordinary meaning”. (Penal Law § 140.00 [2].) To hold otherwise would permit unlawful entry into numerous types of edifices without fear of prosecutorial action (cf., People v Richberg, 56 AD2d 279 [interpreting an arson statute with an identical definition of a building]). In this context, the "ordinary meaning” crite *573 ria is broad enough to encompass New York City Zoning Resolution § 12-10:
"A 'building’ is any structure which:
"(a) Is permanently affixed to the land, and
"(b) Has one or more floors and a roof, and
"(c) Is bounded by open area or the lot lines of a zoning lot.” (See, People v Sevigny, 121 Misc 2d 580, 582.)
The material change in the present statute has expanded the definition of a building to include anything coming within the "ordinary meaning” of the word "building” (People v Fennell, 122 AD2d 69, 70).
The motion to dismiss the indictment is denied. That portion of the motion requesting a Sandoval hearing is granted to the extent that a hearing shall be conducted on the eve of trial. The motion for a Huntley hearing is granted.