**John AUSTIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–4463.

Court of Appeals of Alaska.

Nov. 10, 1994.

Margaret E. Moran, Asst. Public Defender, Kenai, and John B. Salemi, Public Defender, Anchorage, for appellant.

James L. Hanley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

COATS, Judge.

John Austin was convicted, following a jury trial, of burglary in the second degree, a class C felony. AS 11.46.310. Austin appeals his conviction to this court. We affirm.

On June 25, 1991, a police officer arrested John Austin and James Overway after they broke into a freezer storage unit located behind the Sunrise Bakery warehouse in Soldotna. At the time of their arrest, Austin and Overway were fleeing from the warehouse and freezer trailer to a car, which was parked nearby. Austin was carrying several frozen loaves of bread and a bag of hamburger buns; Overway was carrying a loaf of bread and a crowbar.

The freezer trailer which Austin and Overway forcibly entered and from which they took the bread products is a free-standing, self-enclosed metal structure approximately 12 feet wide, 16 to 18 feet long, and 8 to 9 feet tall. The freezer unit has been fixed to a wood foundation since about 1971. One locked door, upon which the word "ICE" is emblazoned, provides the sole access to the trailer. The temperature in the freezer is normally between five and fifteen degrees Fahrenheit.

A grand jury indicted Austin and Overway for burglary in the second degree under AS 11.46.310. Alaska Statute 11.46.310(a) defines burglary in the second degree:

(a) A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime in the building.

Alaska Statute 11.81.900(b)(3) defines "building":

"[B]uilding," in addition to its usual meaning, includes any propelled vehicle or structure adapted for overnight accommodation of persons or for carrying on business; when a building consists of separate units, including apartment units, offices, or rented rooms, each unit is considered a separate building[.]

Austin and Overway moved to dismiss the indictment arguing that the freezer trailer

was not a "building" under AS 11.81.900(b)(3). Superior Court Judge Charles K. Cranston denied this motion. Austin contends on appeal that this ruling was erroneous.

■ The statute declares that "building" is to be interpreted according "to its usual meaning." One standard source for determining the usual meaning of "building" is the dictionary. *Black's Law Dictionary* 176 (6th ed. 1979) defines "building" as a:

> Structure designed for habitation, shelter, storage, trade, manufacture, religion, business, education, and the like. A structure or edifice inclosing a space within its walls, and usually, but not necessarily, covered with a roof.

The freezer trailer described in this case appears to fit within this definition.

Two Alaska cases deal with the meaning of the word "building" under AS 11.81.900(b)(3). *Arabie v. State,* 699 P.2d 890 (Alaska App. 1985); *Pushruk v. State,* 780 P.2d 1044 (Alaska App.1989). However, both of these cases address whether a structure that was located within another building constituted a separate building and appear to be of little value in deciding the instant case.

We have therefore turned to cases from other jurisdictions which have statutes similar to Alaska's. *See* Jeffrey F. Ghent, Annotation, *What Is "Building" or "House" Within Burglary or Breaking and Entering Statute,* 68 A.L.R.4th 425 (1989). The Alaska statute and related definitions are based on those of Oregon. The case law of Oregon favors the interpretation that the freezer trailer at issue in this case is a "building." In *State v. Essig,* 31 Or.App. 639, 571 P.2d 170 (1977), the Court of Appeals of Oregon determined that a large "potato shed" in which several trucks were parked was a "building" under the Oregon burglary statute. *Essig* stands for the proposition that "the ordinary meaning of the term 'building' does not exclude stationary structures used for storage." *State v. Barker/Phelps,* 86 Or. App. 394, 739 P.2d 1045, 1046–47 (1987) (foot-

note omitted) (separate storage units contained in commercial storage facility were buildings, encompassed by the term "rooms" in the statute).[1]

New York courts have held that mausoleums fall under the statutory definition of "building." *People v. Sevigny,* 121 Misc.2d 580, 468 N.Y.S.2d 981 (Sup.Ct.1983); *People v. Fennell,* 122 A.D.2d 69, 504 N.Y.S.2d 481 (App.Div.1986). In its decision, the court in *Sevigny* reasoned that:

> To argue that an above ground structure, with doors, windows, and roof, cannot be the object of a burglary because it "stores" the remains of the deceased whereas, for example, a shed used for the storage of garden tools is subject to such recognition under the law is illogical and perhaps even immoral.

*Sevigny,* 468 N.Y.S.2d at 983.

The dictionary definition and cases from other jurisdictions support Judge Cranston's conclusion that the freezer trailer in question in this case fell within the statutory definition of "building." We therefore conclude that Judge Cranston did not err in refusing to dismiss the indictment.

Austin next contends that Judge Cranston erred in refusing to grant his mistrial motion based on prosecutorial misconduct. During arguments concerning jury instructions, the prosecutor suggested that the court include a dictionary definition of "building" in the instructions, in addition to the statutory definition. Both Austin's and Overway's attorneys opposed the use of a dictionary definition in the jury instructions. Judge Cranston decided to not include a dictionary definition in the instructions, reasoning that the jury could ask the court for further clarifying instructions about the usual meaning of the word "building," if it wanted. The prosecutor informed the court that the dictionary meaning of the word "building" was part of the state's closing. In response, Judge Cranston stated that he expected both attorneys to argue the meaning of the word "building" even though the dictionary meaning would not be included in the jury instructions.

---

1. Another Oregon case, *State v. Scott,* 38 Or.App. 465, 590 P.2d 743 (1979), held that a railway boxcar was not a building since it fell under neither the ordinary meaning of "building" nor any of the expanded definitions outlined by the statute.

During closing arguments, both defense attorneys contended that the freezer was not a "building" under the burglary statute. During his rebuttal argument, the prosecutor used an overhead projector to display four dictionary definitions of "building." As soon as the overhead was displayed, Austin moved for a mistrial. During the time that the attorneys were arguing before the bench, the dictionary definitions remained illuminated for several minutes in plain view of the jury. Judge Cranston denied the motion for a mistrial. Austin contends this was error. We disagree.

 The dictionary definition of the word "building" was relevant to its "usual meaning." Although Judge Cranston had declined to instruct the jury on the dictionary definition of the word "building," he had not entered any order forbidding counsel from arguing the issue. Austin has not contended that the dictionary definitions which were displayed were misleading or inaccurate. It therefore appears to us that Judge Cranston did not err in denying Austin's mistrial motion.

The conviction is AFFIRMED.