Horace TIMOTHY Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–8723.

Court of Appeals of Alaska.

April 30, 2004.

Quinlan Steiner, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Sharon A.S. Illsley, Assistant District Attorney, Leonard M. Linton, Jr., District Attorney, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

This case requires us to clarify the law of burglary by interpreting an ambiguity in our criminal code's definition of "building". In Alaska, burglary is defined as entering or remaining unlawfully in a building with the intention of committing a crime in the building.[1] AS 11.81.900(b)(4) declares that the term "building" includes not only "its usual meaning" but also "any propelled vehicle or structure adapted for overnight accommodation of persons or for carrying on business". The question is whether the adjectival clause, "adapted for overnight accommodation of persons or for carrying on business", applies to both propelled vehicles and structures or, instead, applies only to structures.

We have examined the Alaska drafters' commentary to this definition. We have also researched the law of Oregon, because Oregon Revised Statutes § 164.205(1) is the source of our definition of "building". Based on our research, we conclude that the phrase "adapted for overnight accommodation of persons or for carrying on business" applies to both propelled vehicles and structures. Thus, unlawful entry of a propelled vehicle with intent to commit a crime in that vehicle constitutes the crime of burglary only if the propelled vehicle is adapted for overnight accommodation of persons or for carrying on business.

### How this issue arose

Horace Timothy Jr. was convicted of second-degree and third-degree assault. Because second-degree assault is a class B felony and third-degree assault is a class C

felony,[2] Timothy would be subject to presumptive sentencing if he had prior felony convictions.[3] The State asserted—and the superior court agreed—that Timothy was subject to presumptive sentencing because he had three qualifying prior convictions for burglary and attempted burglary in the State of Illinois.

Timothy does not contest that he was convicted of both burglary and attempted burglary in Illinois in 1987, and convicted again of burglary in Illinois in 1992. But Timothy argues that his Illinois convictions should not count as "prior convictions" for purposes of presumptive sentencing because the Illinois definition of burglary differs significantly from Alaska's definition of burglary.

AS 12.55.145(a)(1)(B) states that a criminal conviction from another jurisdiction will constitute a "prior felony conviction" for purposes of Alaska's presumptive sentencing laws if the other jurisdiction's definition of the offense has "elements similar to [the elements] of a felony defined as such under Alaska law at the time the offense was committed". Under Illinois law, a burglary is committed

when[,] without authority[, a person] knowingly enters or without authority remains within a building, house-trailer, watercraft, aircraft, motor vehicle . . ., railroad car, or any part thereof, with intent to commit therein a felony or theft.

Illinois Statutes, chapter 720, § 5/19–1. In other words, under Illinois law, any unlawful entry into a car or truck for the purpose of committing a felony or a theft (in any degree) within that motor vehicle will constitute a burglary.

Timothy argues that the Alaska law of burglary differs significantly from Illinois law because, under AS 11.81.900(b)(4), a propelled vehicle (a term that includes "automobiles, vessels, airplanes, motorcycles, snow machines, all-terrain vehicles, sailboats, and construction equipment"[4]) will qualify as a

1. AS 11.46.310(a).

2. *See* AS 11.41.210(b) and AS 11.41.220(d), respectively.

3. *See* AS 12.55.125(d) and (e), respectively.

4. *See* AS 11.81.900(b)(49).

"building" for purposes of the law of burglary only if the vehicle is adapted for overnight accommodation or for carrying on business. The State responds that Timothy has misinterpreted the statutory definition of "building".

As explained above, AS 11.81.900(b)(4) defines "building" as including "any propelled vehicle or structure adapted for overnight accommodation of persons or for carrying on business". The State argues that the phrase "adapted for overnight accommodation of persons or for carrying on business" modifies "structure" but does not modify "propelled vehicle". In other words, the State asserts that the Alaska law of burglary is essentially the same as Illinois law on this point: an unlawful entry into *any* propelled vehicle with the intent to commit a crime in the vehicle constitutes burglary.

(Under the State's interpretation, the Illinois definition of burglary would actually be narrower than Alaska's, because Illinois law requires proof of the defendant's intent to commit a felony or a theft, not just any crime. However, we have previously held that when another jurisdiction's analogous statute is stricter than Alaska's, the two are "similar" for purposes of AS 12.55.145(a)(1)(B).[5])

*The history of AS 11.81.900(b)(4), and why we conclude that a propelled vehicle constitutes a "building" under this statute only if the vehicle is adapted for overnight accommodation of persons or for carrying on business*

Alaska's current definition of "building" is based on a draft definition proposed by the Criminal Code Revision Subcommission in 1977 as part of its revision of Alaska's burglary laws. *See generally, Alaska Criminal Code Revision, Tentative Draft,* Part 3 ("Offenses Against Property") (April 1977), pp. 48–58. The Subcommission proposed the following definition of building:

> "building", in addition to its usual meaning, includes any vehicle, watercraft, aircraft or structure adapted for overnight accommodation of persons or for carrying on business[.]

*Id.* at 51. (This same definition also appears in Part 1 of the *Tentative Draft,* p. 92.)

In the commentary accompanying this proposed definition, the Subcommission stated that its definition of "building" was "broad enough to include house trailers, mobile field offices, house boats, vessels and even tents used as dwellings". *Id.* at 51–52.

This commentary tends to support Timothy's interpretation of the statute. The Subcommission's statement that its new definition of "building" would include "house trailers" and "house boats", as well as "vessels and . . . tents used as dwellings" implies that the Subcommission intended the phrase "adapted for overnight accommodation of persons or for carrying on business" to modify *all* of the preceding nouns—*i.e.,* "any vehicle, watercraft, aircraft"—and not just "structure".

This conclusion is bolstered by Oregon law on this subject. As we noted in *Austin v. State,* 883 P.2d 992, 993 (Alaska App.1994), our burglary statute and its related definitions are based on Oregon law. In particular, our definition of "building" is drawn from ORS § 164.205(1), which provides (in pertinent part):

> "Building," in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein.

The Commentary to the Oregon Criminal Code explains that the purpose of this definition was "to include those structures and vehicles which typically contain human beings for extended periods of time, in accordance with the original and basic rationale of the crime [of burglary]: protection against invasion of premises likely to terrorize occupants." Commentary, Proposed Oregon Criminal Code (1970), § 135 at p. 143 (quoted in *State v. Scott,* 38 Or.App. 465, 590 P.2d 743, 744 (1979)).

This Oregon commentary likewise supports Timothy's argument. The Oregon drafters did not say that they intended to

---

**5.** *See Martin v. State,* 704 P.2d 1341, 1342 (Alaska App.1985).

include all vehicles within the definition of "building". Rather, they declared that their intention was "to include those ... vehicles which typically contain human beings for extended periods of time". This implies that the drafters intended the phrase "adapted for overnight accommodation of persons or for carrying on business therein" to apply to all of the nouns listed earlier in that sentence: "any booth, vehicle, boat, aircraft or other structure".

■ For these reasons, we conclude that under the definition of "building" codified in AS 11.81.900(b)(4), a propelled vehicle constitutes a "building" only if it is "adapted for overnight accommodation of persons or for carrying on business".

We disavow any suggestion to the contrary in *Butts v. State*, 53 P.3d 609, 616 (Alaska App.2002).

*We conclude that Timothy's burglary convictions in Illinois are not "prior felony convictions" for purposes of Alaska's presumptive sentencing law because the elements of burglary in Illinois are not sufficiently similar to the elements of burglary (or any other felony) in Alaska*

We have now identified a substantive difference between the Illinois definition of burglary and the Alaska definition of burglary: in Illinois, it is burglary to break into *any* vehicle with the intent of committing a felony or a theft in the vehicle; but in Alaska, breaking into a vehicle with intent to commit a crime is not burglary unless the vehicle is adapted for overnight accommodation or for carrying on business.

■ Nevertheless, there is one more question to answer. Under AS 12.55.145(a)(1)(B), a criminal conviction from another jurisdiction will constitute a "prior felony conviction" for purposes of Alaska's presumptive sentencing laws if the other jurisdiction's definition of the offense has elements that are "similar to" the elements of a felony under Alaska law. This statute does not require that the two crimes have the same definition,

but only that they have "similar" definitions.[6] It is therefore still possible to argue that, despite the differences between Illinois's and Alaska's definitions of burglary, the Illinois offense is similar enough to Alaska's definition of burglary (or to the definition of any other felony under Alaska law) that Timothy's Illinois convictions for burglary and attempted burglary should still qualify as "prior felony convictions" for presumptive sentencing purposes. In fact, the superior court reached that conclusion in Timothy's case.

The State argues that we already resolved this issue against Timothy in *Butts v. State*. One of the issues raised in *Butts* was whether the defendant's burglary conviction in Oklahoma should be deemed a prior felony conviction under AS 12.55.145(a)(1)(B). Butts argued that, in Alaska, burglary could be committed only in a "building", while the Oklahoma burglary statute encompassed unlawful entries into "any room, booth, tent, railroad car, automobile, truck, trailer, vessel, or other structure ... in which any property is kept, or [the forcible opening of] any coin-operated or vending machine or device".[7]

We rejected Butts's contention that the Oklahoma burglary statute was significantly broader than Alaska's because, even though the Alaska statute refers only to "buildings", the definition of "building" codified in AS 11.81.900(b)(4) is quite broad:

> [E]ven though the Alaska burglary statute only apparently covers the entry into buildings on its face, given the broad definition of building and the broad definition of vehicle, we conclude that the Alaska statute criminalizes entry into almost every building and conveyance listed in the Oklahoma statute.... We [thus] conclude that the Oklahoma statute criminalizing burglary in the second degree is sufficiently similar to the Alaska statute criminalizing burglary in the second degree for Butts's Oklahoma burglary conviction to

---

6. *State v. Simpson*, 53 P.3d 165, 170 (Alaska App.2002); *Borja v. State*, 886 P.2d 1311, 1314 (Alaska App.1994).

7. Okla. Stats. Title 21, § 1435 (1983), quoted in *Butts*, 53 P.3d at 615.

qualify as a prior felony conviction under AS 12.55.145.

53 P.3d at 616.

■ We are now convinced that we were wrong when we said in *Butts* that "the Alaska [burglary] statute criminalizes [unlawful] entry into almost every building and conveyance listed in the Oklahoma statute". The Oklahoma burglary statute, like the Illinois burglary statute at issue in Timothy's case, covers unlawful entries into any motor vehicle—while the Alaska burglary statute covers unlawful entries into motor vehicles only if the vehicle is adapted for overnight accommodation of persons or for carrying on business.

Moreover, we are convinced that this is a significant difference. Under Illinois law and Oklahoma law, the act of unlawfully breaking into any vehicle with intent to commit a theft (or any felony) constitutes a burglary. By contrast, Alaska's law of burglary covers only those comparatively few vehicles that are adapted for overnight accommodation or for carrying on business.

There are certain instances when theft of property from a propelled vehicle constitutes a felony under Alaska law regardless of the value of the property: under AS 11.46.130(a)(4)-(5), a person commits second-degree theft (a class C felony) if they steal safety or survival equipment from a vessel or an aircraft. But otherwise, breaking into a propelled vehicle and stealing property from that vehicle constitutes second-degree trespass and whatever degree of theft is supported by the particular type and value of the property stolen. *See* AS 11.46.330(a)(2) and AS 11.46.100.

■ For these reasons, we conclude that the Illinois definition of burglary is not sufficiently similar to Alaska's definition of burglary (or to any other felony defined under Alaska law) to meet the test set forth in AS 12.55.145(a)(1)(B). Therefore, Timothy's Illinois convictions for burglary and attempted burglary do not qualify as "prior felony convictions" for presumptive sentencing purposes. Those convictions can not be used to determine the applicable presumptive term of imprisonment, nor to establish aggravator AS 12.55.155(c)(15), which applies when a defendant has three or more prior felony convictions.

We should point out, however, that even though Timothy's Illinois convictions can not be used as prior felony convictions to trigger a presumptive term or to establish aggravator (c)(15), the superior court is still entitled to take those convictions into account when sentencing Timothy.[8] We note, in particular, that Timothy's conduct underlying these Illinois convictions may establish aggravator AS 12.55.155(c)(21), which applies when "the defendant has a criminal history of repeated instances of [criminal] conduct ..., whether punishable as felonies or misdemeanors, similar in nature to the offense for which the defendant is being sentenced".

*Conclusion*

We VACATE Timothy's sentence and remand this case to the superior court for resentencing.

**8.** *See Scroggins v. State,* 951 P.2d 442, 444 n. 2 (Alaska App.1998); *Burnette v. Anchorage,* 823 P.2d 10, 14 n. 4 (Alaska App.1991); *Harlow v.* *State,* 820 P.2d 307, 309 n. 2 (Alaska App.1991); *Garroutte v. State,* 683 P.2d 262, 269 (Alaska App.1984).